# IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2025 OCT 17 A 10: 40

CLERK C. Robinson
SO. DIST. OF GA.

**WAYNE CLARK,**

Register No. 09688-035,

Petitioner,

**CV 225 - 130**

v.

Civil Action No. _____

**WARDEN, JESUP FCI CAMP,** Respondent.

---

### PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

---

**COMES NOW** Petitioner, Wayne Clark, Register Number 09688-035, by and through this pro se filing, who respectfully petitions this Honorable Court pursuant to 28 U.S.C. § 2241, and asserts that he is being unlawfully detained beyond his lawful release date due to the Bureau of Prisons' failure to correctly calculate and project his earned First Step Act Time Credits (FTC) from the commencement of his sentence, as mandated by federal law and reaffirmed in the Bureau's own June 17, 2025 internal guidance memorandum. Petitioner, sentenced to a 120-month term for a nonviolent offense and currently classified as Low Recidivism Risk, urgently seeks this Court's intervention to compel the Bureau of Prisons to accurately recalculate and apply projected FTC, which shows his lawful release or prerelease placement date has already passed or is imminent. Petitioner brings this action

before this Honorable Court, located in the Southern District of Georgia, the proper venue for challenges to the execution of his sentence, and states as follows:

---

## I. JURISDICTION AND VENUE

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2241 because Petitioner is a federal prisoner confined within this District at FCI Jesup, challenging the Bureau of Prisons' ongoing failure to properly calculate and apply his First Step Act Time Credits, which directly affects the execution of his sentence. Venue is proper in the United States District Court for the Southern District of Georgia because Petitioner is incarcerated within this District and challenges the legality of his continued detention here. A petition under § 2241 is the appropriate vehicle for contesting the computation of sentence credits, time served, and release dates. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 484–85 (1973); Rumsfeld v. Padilla, 542 U.S. 426, 442–43 (2004).

2.  Venue is proper in this Court under 28 U.S.C. § 2241(d) and Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004), because Petitioner is currently confined at FCI Jesup, which is located in Jesup, Wayne County, within the territorial jurisdiction of the United States District Court for the Southern District of Georgia, Brunswick Division. The Warden of FCI Jesup is the immediate custodian of Petitioner and is therefore the proper Respondent in this habeas action. See Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494–95 (1973) (habeas jurisdiction lies in the district of confinement).

3.  Because Petitioner challenges the execution of his sentence, specifically the Bureau of Prisons' failure to calculate and apply earned and projected First Step Act Time Credits, and not the validity of his conviction or sentence, this matter does not fall

within the scope of 28 U.S.C. § 2255 and must be brought under § 2241. This Court has the authority to grant relief by ordering the Bureau of Prisons to correctly project and apply First Step Act Time Credits from the date of sentence commencement and adjust Petitioner's release date accordingly, consistent with the plain text of federal statutory mandates and the Bureau's June 17, 2025 internal policy guidance clarifying proper FTC calculation.

---

## II. PARTIES

4. Petitioner Wayne Clark is a federal prisoner currently confined at FCI Jesup, a federal facility operated by the Bureau of Prisons (BOP) in Jesup, Georgia. He is serving a 120-month sentence for a non-violent drug offense imposed in the United States District Court for the Western District of Louisiana on March 15, 2023, under case number 6:22-cr-00064-2. Petitioner began serving his sentence on March 15, 2023, and he is classified as Low Recidivism Risk. His current projected release date, calculated by the BOP without proper application of projected First Step Act Time Credits, extends well beyond his proper eligibility for prerelease placement, unlawfully prolonging his incarceration contrary to the First Step Act and recent BOP policy guidance.

5. Respondent Warden of FCI Jesup is Petitioner's immediate custodian within the meaning of 28 U.S.C. § 2241. The Warden has the legal authority and responsibility for the execution of Petitioner's sentence, including the accurate calculation of Good Conduct Time (GCT) and First Step Act Time Credits (FTC), which directly

determine Petitioner's release eligibility. The Warden of FCI Jesup is therefore the proper respondent in this habeas corpus proceeding. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (holding the immediate custodian rule applies in habeas challenges to present physical confinement).

6. Petitioner respectfully submits this action to compel the Warden, through the Bureau of Prisons, to calculate and apply all properly earned and projected First Step Act Time Credits (FTC) from the date of sentencing forward, as required by the plain language of 18 U.S.C. § 3632(d)(4), binding federal case law, and the Bureau's June 17, 2025 internal guidance memorandum. Petitioner asserts that the BOP's ongoing failure to project and apply FTC unlawfully extends his incarceration, undermines Congress's intent to incentivize rehabilitation through timely release, and violates his statutory rights under the First Step Act.

---

## III. FACTUAL BACKGROUND

7. Petitioner Wayne Clark was sentenced on March 15, 2023, in the United States District Court for the Western District of Louisiana to a 120-month term of imprisonment for a non-violent drug offense under 21 U.S.C. § 841(a)(1). He began serving his sentence on March 15, 2023, at FCI Jesup, a federal correctional facility located in Jesup, Georgia.

8. Petitioner's sentence, as imposed, has a full-term date of approximately March 15, 2033 (120 months, or 10 years, from his sentence start date), without the application of any credits. Applying Good Conduct Time (GCT) at the statutory rate of 54 days per year served, consistent with 18 U.S.C. § 3624(b), reduces Petitioner's

sentence by approximately 540 days (54 days × 10 years), resulting in a GCT-adjusted release date of approximately September 15, 2031.

9. Petitioner is classified by the Bureau of Prisons as Low Recidivism Risk and, pursuant to 18 U.S.C. § 3632(d)(4), is eligible to earn 15 days of First Step Act Time Credits (FTC) for every 30 days of successful participation in Evidence-Based Recidivism Reduction (EBRR) programs and Productive Activities. Petitioner has actively and consistently participated in numerous qualifying programs, including his completion of over 20 rehabilitative courses such as Drug Abuse Education, Parenting, Conflict Management, and ACE classes, as documented in his institutional record. His demonstrated commitment to programming underscores both his eligibility for FTC and his readiness for timely reintegration into society, as envisioned by Congress in enacting the First Step Act.

10. Using the calculation method recognized in BOP practice and reaffirmed in the Bureau's June 17, 2025 internal guidance memorandum, Petitioner's sentence must be calculated as follows:
   a. Sentence imposed: **120 months.**
   b. GCT applied: 120 × 0.85 = **102 months to serve.**
   c. 102 months × 15 days FTC/month = **1,530 days total projected FTC.**
   d. Subtract 365 days to account for the statutory FSA "year" off the sentence, leaving **1,165 days of FTC remaining** to advance the prerelease date.

11. Rolling back 1,165 days (approximately 38.5 months) from Petitioner's GCT-adjusted release date of September 15, 2030, moves his projected release date to approximately mid-July 2027. Applying Petitioner's Second Chance Act (SCA) time of 12 months, representing 10% of his 120-month sentence, moves the earliest

Residential Reentry Center (RRC) or home confinement eligibility date to approximately mid-July 2026.

12. Despite this clear and straightforward calculation, the Bureau of Prisons continues to project Petitioner's release date years beyond his lawful eligibility for prerelease placement, failing to apply his earned and projected First Step Act Time Credits from the date of sentencing forward as required by statute and recent BOP policy guidance. This misapplication unlawfully extends his imprisonment well beyond the term intended by Congress, depriving him of timely release opportunities and undermining the First Step Act's rehabilitative goals.

13. On June 17, 2025, the Bureau of Prisons issued an internal guidance memorandum clarifying that First Step Act Time Credits (FTC) must be calculated prospectively from the date of sentence commencement and projected through the expected term of incarceration to determine accurate release eligibility. Petitioner's calculation, consistent with the statutory text of 18 U.S.C. § 3632(d)(4) and the June 17 guidance, shows his lawful eligibility for prerelease placement will occur significantly sooner than the Bureau of Prisons currently projects, with his earliest eligibility date properly calculated as approximately mid-July 2026.

14. Absent recalculation and immediate application of projected First Step Act Time Credits, Petitioner remains unlawfully confined, suffering continued incarceration well beyond his rightful eligibility for prerelease placement. This prolonged detention violates his statutory rights under the First Step Act, directly contravenes the clear intent of Congress to incentivize rehabilitation through timely release, and causes ongoing, irreparable harm to Petitioner and his family. Immediate judicial

intervention is required to remedy this unlawful restraint and ensure Petitioner receives the benefits mandated by federal law.

## IV. LEGAL ARGUMENT

15. The First Step Act of 2018, codified at 18 U.S.C. § 3632(d)(4), unambiguously requires that eligible inmates earn First Step Act Time Credits (FTC) "for every 30 days of successful participation" in Evidence-Based Recidivism Reduction (EBRR) programs or Productive Activities. Congress mandated that these credits "shall be applied toward time in prerelease custody or supervised release," reflecting a clear legislative intent to incentivize rehabilitation and reduce unnecessary incarceration. The statutory language is unequivocal that accrual of credits begins from the date the sentence commences, as defined by 18 U.S.C. § 3585(a), ensuring inmates benefit fully from timely participation in programs designed to reduce recidivism.

16. Courts have long recognized that challenges to the **execution** of a sentence— particularly those related to time credit calculations and release dates—are properly brought under 28 U.S.C. § 2241, not § 2255. See Preiser v. Rodriguez, 411 U.S. 475, 484–85 (1973) (noting habeas relief is the appropriate remedy when a prisoner challenges the fact or duration of confinement); Levine v. Apker, 455 F.3d 71, 77 (2d Cir. 2006) (holding § 2241 is the proper vehicle for disputes over sentence computation); see also Woodley v. Bureau of Prisons, No. 24-3053, 2024 U.S. Dist. LEXIS 87521 (D. Kan. May 15, 2024) (applying § 2241 to compel BOP recalculation of FSA credits).

17. Federal district courts have expressly ruled that the Bureau of Prisons' failure to calculate FSA credits prospectively from the sentence start date violates both the plain text of the First Step Act and its rehabilitative purposes. In Cruz v. Warden, No. 1:23-cv-16879, 2023 WL 5985287 (D.N.J. Sept. 14, 2023), the court found that the BOP's practice of only applying credits already earned—without projecting future credits—deprived the prisoner of timely prerelease eligibility and contravened congressional intent. Similarly, in Sharma v. Peters, No. 2:24-cv-00158, 2024 WL 140089 (M.D. Ala. Jan. 12, 2024), the court ordered recalculation of FTC after holding the BOP's failure to project credits forward violated statutory requirements.

18. Critically, the Bureau of Prisons' **June 17, 2025 internal guidance memorandum** reaffirmed this statutory mandate by instructing BOP staff nationwide that FTC must be calculated **prospectively from the date of sentence commencement** through the expected sentence term, to ensure release dates accurately reflect anticipated credits. The June 17 memo recognizes that accurate and timely projection is essential for determining eligibility for prerelease custody under 18 U.S.C. § 3624(g), and to avoid extended confinement contrary to the First Step Act.

19. By failing to project and apply Petitioner's FTC from his sentence start date, the BOP unlawfully withholds credits to which he is entitled, resulting in incarceration well beyond the term envisioned by Congress. This directly violates the unambiguous text of 18 U.S.C. § 3632(d)(4), undermines the legislative purpose of the First Step Act to promote rehabilitation, and subjects Petitioner to continued and unlawful detention.

20. The Supreme Court has repeatedly held that when an agency's actions conflict with clear statutory commands, federal courts must reject those actions and enforce congressional intent. See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843 n.9 (1984) ("[C]ourts must reject administrative constructions which are contrary to clear congressional intent."); see also Loper Bright Enterprises v. Raimondo, 143 S. Ct. 2429 (2023) (granting certiorari to reconsider Chevron deference in light of statutory clarity).

21. Absent immediate judicial intervention, Petitioner will remain unlawfully incarcerated for many months beyond his lawful release date, causing irreparable harm to him and his family, and fundamentally undermining the rehabilitative and reintegration goals Congress sought to achieve through the First Step Act. The BOP's refusal to project and apply FTC prospectively is not a technical error—it is a violation of law that this Court is empowered and obligated to correct under 28 U.S.C. § 2241.

## V. PRAYER FOR RELIEF

WHEREFORE, Petitioner Wayne Clark respectfully requests that this Honorable Court grant the following relief:

A. Issue a writ of habeas corpus ordering the Bureau of Prisons, through the Respondent Warden, to immediately recalculate Petitioner's sentence by properly applying projected First Step Act Time Credits from the date of sentencing forward, consistent with the plain language of 18 U.S.C. § 3632(d)(4) and the Bureau of Prisons' June 17, 2025 internal guidance memorandum;

B. Declare that the Bureau of Prisons' failure to project and apply FTC prospectively violates federal law, including the First Step Act and 18 U.S.C. § 3632(d)(4), and that such failure has resulted in Petitioner's unlawful over-incarceration;

C. Order the Bureau of Prisons to immediately adjust Petitioner's projected release date to reflect the correct application of projected First Step Act Time Credits, which shows Petitioner's lawful prerelease eligibility date as approximately mid-July 2026, and to place Petitioner forthwith into prerelease custody, including Residential Reentry Center or home confinement placement, as authorized under 18 U.S.C. § 3624(g);

D. Award such other and further relief as the Court deems just, equitable, and necessary to protect Petitioner's statutory rights and ensure his timely reintegration into society, including expedited consideration of this Petition given the ongoing unlawful restraint of Petitioner's liberty.

**Respectfully submitted,**

*Wayne Clark*                     09/30/2025

Wayne Clark, pro se               Date
Register Number: 09688-035
FCI Jesup
2600 Highway 301 South
Jesup, GA 31599

# VERIFICATION / SWORN DECLARATION

I, Wayne Clark, being duly sworn under penalty of perjury pursuant to 28 U.S.C. § 1746, declare that I am the Petitioner in the foregoing Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241; that I have read the Petition and know its contents; and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 30 day of September, 2024.

Respectfully submitted,

*Wayne Clark*

Wayne Clark
Register Number: 09688-035
FCI Jesup
2600 Highway 301 South
Jesup, GA 31599



**UNITED STATES POSTAL SERVICE** ® | **PRIORITY** ® **MAIL**

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinati
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.

** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

# FLAT RATE ENVELOPE
## ONE RATE ■ ANY WEIGHT

To schedule free Package Pick
scan the QR code.



USPS.COM/PICKUP

# TRACKED ■ INSURED



PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2


PAPER
POUCH
how2recycle.info

---



**UNITED STATES POSTAL SERVICE** ®   **Click-N-Ship®**

*usps.com*
$8.40
US POSTAGE

9405 5301 0935 5222 9877 66 0084 0001 0003 1520



**U.S. POSTAGE PAID**
Click-N-Ship®



10/10/2025
1 lb 0 oz          Mailed from 33004   489373616766874

**PRIORITY MAIL®**

WAYNE CLARK 09688-035
FCI JESUP
2600 S US HIGHWAY 301
JESUP GA 31599-5676

Created 10/10/2025
Flat Rate Envelope
**RDC 03**

C002



US COURT SOUTHERN DISTRICT OF GEORGI
CLERK OF COURT
801 GLOUCESTER ST RM 110
BRUNSWICK GA 31520-7075

**USPS TRACKING #**



9405 5301 0935 5222 9877 66



# FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



INSPECTED BY

OCT 17 2025

U.S. Marshals Service/SGA

# TRACKED ■ INSURED



PS0001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

**VISIT US AT USPS.COM**®
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum