**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

|  |  |  |
|---|---|---|
| WAYNE CLARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:25-CV-130 |
| | ) | |
| WARDEN, JESUP FCI CAMP, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## RESPONDENT'S MOTION TO DISMISS

Respondent, through the United States Attorney for the Southern District of Georgia and undersigned Assistant United States Attorney, moves to dismiss the Petition filed under 28 U.S.C. § 2241 by Petitioner Wayne Clark.

## BACKGROUND

Petitioner Wayne Clark, Federal Register Number 09688-035, is a prisoner incarcerated with the Bureau of Prisons ("BOP"), currently confined at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). *See* Government Exhibit 1, Declaration of A. McCall Young ("Young Decl."), ¶ 3, Attachment 1. Petitioner was convicted in the United States District Court for the Western District of Louisiana for one count of Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 841(a)(1). *Id.* at ¶ 3, Attachment 1, p.2. Petitioner is serving a sentence of 120 months imprisonment followed by 3 years of supervision. *Id.* Petitioner's projected date of release via First Step Act release is June 28, 2030. *Id.*

1

His home detention eligibility date is December 28, 2029. *Id.* Petitioner has earned the maximum 365 days of FSA time credits (FTCs) permitted by statute that can be applied toward early release from his custodial sentence and has earned a further 60 days toward early release to halfway house (RRC). *Id.*, Attachment 2 at p.1; Attachment 1 at p.4.

Pursuant to 18 U.S.C. § 3621(h)(4), the BOP may offer prisoners incentives and rewards for participating in recidivism reduction programs. *Id.* These rewards include the time credits Petitioner seeks in his Petition. 18 U.S.C. § 3632(d)(4)(A).

The BOP has exclusive authority to determine the placement of prisoners. *See* 18 U.S.C. 3624(c)(2).

The FSA did not change 18 U.S.C. § 3624(c)(4), which states that "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of the [BOP] under section 3621," which in turn provides that the BOP "shall designate the place of the prisoner's imprisonment." *See* 18 U.S.C. §§ 3624(c)(4), 3621(b).

## ARGUMENT

The Court should dismiss the Petition. First, Petitioner failed to exhaust administrative remedies.  Second, Petitioner fails to state a claim for habeas relief. Third, Petitioner's claims are not ripe for review.  Fourth, Petitioner has no liberty interest in FSA time credits. Fifth, the Court lacks jurisdiction to review Petitioner's claims pursuant to the Administrative Procedures Act. Sixth, the Court has no authority to determine Petitioner's place of confinement.

**I.      Petitioner Has Failed to Exhaust Administrative Remedies.**

It is well-settled in the Eleventh Circuit that an inmate must exhaust administrative remedies before petitioning for a writ of habeas corpus. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). "In order to properly exhaust administrative remedies, a petitioner must comply with an agency's deadlines and procedural rules." *Davis v. Warden, FCC Coleman—USP I*, 661 F. App'x 561, 563 (11th Cir. 2016) (citing *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). Petitioner has failed to demonstrate exhaustion.

BOP's administrative remedy procedure is set out at 28 C.F.R. § 542.10, *et seq.*, and provides for administrative review of any complaint relating to an inmate's confinement. This is referred to as the Administrative Remedy Program ("ARP"). Inmates must first informally present an issue of concern to staff in accordance with procedures established by the Warden. 28 C.F.R. § 542.13(a). If informal resolution is insufficient to resolve the matter, the inmate may submit a formal written Administrative Remedy Request on form BP-9 to the Warden within twenty days of the complained-of events. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, the inmate may submit an Appeal to the appropriate Regional Director (BP-10). 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional Director's response, the inmate may submit an appeal to the Office of General Counsel ("OGC") (BP-11). *Id.* Appeal to the OGC is the final administrative appeal. *Id.* Failure to exhaust administrative remedies regarding the events at issue in a habeas petition requires dismissal. *See, e.g., Watkins v. Haynes*, 445 F. App'x 181, 184 (11th Cir. 2011).

3

In this case, Petitioner has failed to exhaust administrative remedies as evidenced by his failure to file any administrative remedies related to the claims in his Petition. Young Decl. ¶ 11, Attachment 3. Petitioner does not argue in his Petition that he exhausted or even attempted to exhaust. *See* Generally [Doc. 1].

Further, the futility exception to exhaustion should not apply in this case, as Petitioner fails to carry his burden of showing that exhaustion of his claims would be futile. Petitioner "bears the burden of demonstrating the futility of administrative review." *Jaimes v. United States*, 168 F. App'x 356, 359 (11th Cir. 2006) (per curiam) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). This burden requires a showing of "extraordinary circumstances" proving why administrative review would be futile. *Id.* Petitioner does not even raise futility in his Petition, much less make a showing of extraordinary circumstances supporting why it should apply. Accordingly, Petitioner fails to establish special circumstances that would warrant waiver. *See Ross v. Blake*, 578 U.S. 632, 639, 643-44 (2016).

Because Petitioner has failed to submit administrative remedies at each of the required levels concerning the claim raised in his Petition and no futility exception exists, he has failed to exhaust, and the Petition should be dismissed.

## II.     Petitioner Fails to State a Claim for Habeas Relief.

Petitioner has already accumulated the maximum of 365 days of FSA credits that may be utilized towards early release from his custodial sentence in accordance

with 18 U.S.C. § 3624(g)(3).[1] Young Decl., ¶ 3, Attachment 1 at p.4; Attachment 2 at p.1. The BOP has properly applied the maximum 365 days of Petitioner's time credits towards his early release via FSA release. *Id.*; *see also* 18 U.S.C. § 3624(g)(3). Any additional non-habeas FSA time credits beyond 365 days that Petitioner earns can only be applied to transfer to a halfway house or home confinement. As set forth below, halfway house and home confinement are merely changes to the location of incarceration and do not impact the fact or duration of confinement nor do they create a protected liberty interest.

The exercise of habeas jurisdiction is only proper for FSA time credits that impact the fact or duration of confinement. *See Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015) ("Claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims challenging the conditions of confinement fall outside of habeas corpus law."). Habeas relief is limited to relief concerning the fact or duration of confinement. "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus.'" *Skinner v. Switzer*, 562 U.S. 521, 535 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). A habeas petition allows a prisoner to challenge the legality or duration of

---

[1] An inmate can only earn a maximum of 365 days of credits towards early release to supervised release, and those credits will not shorten the time an inmate spends on supervised release. *See* 18 U.S.C. § 3624(g)(3). *See also Guerriero v. Miami RRM*, No. 24-10337, 2024 WL 2017730, at *1 (11th Cir. May 7, 2024) (noting that "the district court correctly found that the BOP had already applied the maximum 12 months' worth of earned time credits allowed by the FSA to begin [petitioner's] term of supervised release," that extra credits would not reduce the amount of time an inmate had to serve in supervised release, and affirming the dismissal of the habeas petition).

his confinement. *Gomez v. United States*, 899 F.2d 1124, 1126-27 (11th Cir. 1990). It does not allow him to challenge anything else: "its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976).

In this circuit, the rule "is that any challenge to the Fact or Duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under § 1983 . . . ." *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). This standard limitation on habeas petitions has been routinely echoed by this Court. *See, e.g.*, *Mayer v. Johns*, No. 5:20-cv-28, 2020 WL 1493952, at *2 (S.D. Ga. Mar. 24, 2020) (Cheesbro, J.) ("Such claims concern the conditions of his confinement and are not cognizable under § 2241."); *see also Archilla v. Witte*, No. 4:20-cv-596, 2020 WL 2513648 (N.D. Ala. May 15, 2020) (finding that courts which allow habeas challenges to the conditions of confinement "simply ignore the plain language of the statute and centuries of habeas jurisprudence.").

Nor is the Eleventh Circuit in the minority on this issue. *See Wilborn v. Mansukhani*, 795 F. App'x 157, 163 (4th Cir. 2019) ("Seven of the ten circuits that have addressed the issue in a published decision have concluded that claims challenging the conditions of confinement cannot be brought in a habeas petition." (citing cases)) Further, a prisoner who asserts that he is not being housed in his preferred facility does not state a viable claim under § 2241. *Williams v. Flournoy*, 732 F. App'x 810, 812 (11th Cir. 2018) (affirming this Court). As the Supreme Court

has noted, "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002). This applies even to requests for home confinement. *See Jenner v. Stone*, No. 3:17-cv-68, 2018 WL 2976995, at *3 (S.D. Ga. May 16, 2018) (Epps, J.) ("[18 U.S.C.] § 3625 entirely precludes judicial review of determinations by BOP under the relevant statutes except to the extent a prisoner challenges the underlying rules and regulations establishing the criteria governing the BOP decision making process." (citing *Cook v. Wiley*, 208 F.3d 1314, 1319 (11th Cir. 2000)), *report and recommendation adopted,* 2018 WL 2972350 (S.D. Ga. June 13, 2018).

In short, a prisoner cannot bring a § 2241 challenge to his location of incarceration because he "has no liberty interest in his place of confinement." *Lozano v. Stone*, No. 3:18-cv-53, 2018 WL 5018466, at *3 (S.D. Ga. Oct. 16, 2018) (Epps, J.), *report and recommendation adopted,* 2018 WL 5926986 (S.D. Ga. Nov. 13, 2018); *see also Clemmons v. United States*, No. 2:21-cv-9, 2021 WL 4787201, at *4 (S.D. Ga. Sept. 21, 2021) (Cheesbro, J.) ("Plaintiff has no clearly established constitutional right to a placement in a halfway house, transitional center, or any particular place of confinement."), *report and recommendation adopted,* 2021 WL 4783628 (S.D. Ga. Oct. 13, 2021). For these reasons, Petitioner fails to state a cognizable claim for habeas relief.

## III.   Petitioner's Claims Are Not Ripe for Review.

Petitioner's claims regarding FSA credits are not ripe for review. Petitioner's projected release date is June 28, 2030. Young Decl.¶ 3, Attachment 1 at p.2. Under

§ 3632(a)(5)(A), the BOP is required to allow prisoners to participate in recidivism reduction programs under which prisoners can earn time credits. Petitioner is not now prevented from participating in the FSA time credits program. However, as discussed *supra*, FSA time credits toward early release from custody are limited to a maximum of 365 days. *See* 18 U.S.C. § 3624(g)(3). Moreover, under § 3624(g)(1)(A), the BOP can only apply FSA credits once an inmate has earned enough credits equal to the remainder of his sentence. "[F]ederal courts around the country have routinely held § 3624(g)(1)(A) to mean that the BOP is permitted to apply time credits only once an inmate has earned enough credits to equal the remainder of his sentence." *Patrick v. Heckard*, No. 5:23-CV-00234, 2024 WL 770631, at *3 (S. D. W.Va. Jan. 26, 2024) (quotations and citations omitted); *see also Lallave v. Martinez*, 609 F. Supp. 3d 164, 183 (E. D. N.Y. 2022) ("[T]he BOP is permitted to apply time credits only once an inmate 'has earned time credits that equal the remainder of [her] sentence.'"); *Milchin v. Warden*, No. 3:22-cv-195 (KAD), 2022 WL 1658836, at *3 (D. Conn. May 25, 2022) ("Until Milchin accumulates sufficient time credits to equal the reminder of his sentence, he is not eligible to have those credits applied."); *Turner v. Heisner*, No. 22-cv-00178-PHX-JAT (ESW), 2022 WL 2195348, at *3 (D. Ariz. May 16, 2022) ("FSA earned time credits can be applied to prerelease custody or supervised release only when accumulated credits are equal to the remainder of the prison term.").

Accordingly, § 3624(g)(1)(A) prevents the BOP from applying FSA credits until the inmate has earned enough credits to equal the remainder of his sentence. Therefore, even if Petitioner had an entitlement to FSA credits, that entitlement does

not arise (currently) until April 29, 2030, which would be the earliest date he could release to a halfway house after applying all 425 days[2] of FSA credits he has actually earned. Young Decl. ¶ 3, Attachment 2 at p.1. At this point in time, Petitioner cannot show the BOP has deprived him of anything. Petitioner has accumulated 425 days total of FSA credits and has over 4 years remaining on his sentence.[3] *Id.*, Attachment 1 at p.2; Attachment 2 at p.1. Any opinion by the Court in this matter would be tantamount to an advisory opinion stating that when the time comes, Petitioner would be entitled to early release under the FSA, if at that time he has accumulated the maximum number of credits and has not suffered any disallowances. *See Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1380 (11th Cir. 2019); *Lallave*, 609 F. Supp. 3d at 183 ("Thus, since Petitioner's FSA credits do not equal the remainder of her sentence, it would be inappropriate for the court to direct the BOP to adjudicate the credits at this time.").

Because FSA credits may be disallowed for disciplinary issues and are based on voluntary participation in recidivism reduction programs, Petitioner's future projected accumulation of FSA credits is speculative and subject to a number of unpredictable variables. Under Article III of the Constitution, courts are constrained to decide only live cases or controversies. This means the Court cannot adjudicate a claim that is unripe for review. *United States v. Zinn*, 321 F.3d 1084, 1088–89 (11th

---

[2] FTC Towards Release of 365 days + FTC Towards RRC/HC of 60 days = 425 days.

[3] Even assuming, *arguendo*, that Petitioner's own self-calculated home confinement eligibility date of "mid-July 2026" is correct (*see* Doc. 1 at pp.5-6), his claim would nonetheless still be premature.

9

Cir. 2003). A claim is not ripe for review if it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotations omitted). Since Petitioner's claims are admittedly not ripe for review, they must be dismissed. *See Rosas v. Warden*, No. 2:23-CV-0617 AC P, 2023 WL 4014659, at *2 (E.D. Cal. June 15, 2023); *Taylor v. Fikes*, No. 20-CV-1364 (PJS/ECW), 2022 WL 18584395, at *14 (D. Minn. Dec. 2, 2022); *Turner v. Heisner*, No. CV 22-00178-PHX-JAT (ESW), 2022 WL 2195348, at *3 (D. Ariz. May 16, 2022) (holding that a prisoner "not yet eligible for application of time credits under the FSA . . . has failed to establish an 'immediate injury' that would be redressed by the relief that he seeks"). Accordingly, Petitioner's claims are not ripe for review and should be dismissed.

## IV.    Petitioner Has No Liberty Interest in FSA Time Credits.

Petitioner has failed to state a claim because he has no liberty interest in FSA credits. In his Petition, Petitioner appears to imply that he has a liberty interest in FSA time credits he has earned or will earn in the future beyond the initial 365 days credits that will go toward shortening his custodial sentence. *See generally* [Doc. 1]. However, "[a] prisoner has 'no constitutional or inherent right' in being released before the completion of a valid sentence." *Cook*, 208 F.3d at 1322 (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)); *United States v. Calderon*, 801 F. App'x 730, 732 (11th Cir. 2020) (citing same) ("[T]he Supreme Court has held prisoners do not have a constitutional right to be released before the expiration of a valid sentence."). Accordingly, this Court has held numerous times

10

that a prisoner has no liberty interest in early release. *See, e.g.*, *Newell v. Fikes*, No. 2:22-cv-53, 2023 WL 2543092, at *3 (S.D. Ga. Feb. 21, 2023) (Cheesbro, J.), *report and recommendation adopted*, 2023 WL 2541126 (S.D. Ga. Mar. 16, 2023).

As the Eleventh Circuit explained in *Cook*, "if the relevant statute places no substantive limitations on official discretion in granting an early release from a valid sentence, no constitutionally protected liberty interest is implicated." *Cook*, 208 F.3d at 1322 (citation and internal quotation marks omitted). Here, the relevant statute states:

> If the sentencing court included as a part of the prisoner's sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, the Director of the Bureau of Prisons _may_ transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632.

18 U.S.C. § 3624(g)(3) (emphasis added).

The FSA gives the Director of the BOP discretion to transfer a prisoner to supervised release up to 12 months early based upon the application of FTCs. Thus, no constitutionally protected liberty interest is implicated. *See Cook*, 208 F.3d at 1332; *Newell*, No. 2023 WL 2543092, at *3 (Cheesbro, J.) (no due process liberty interest implicated when BOP assesses recidivism risk level because FSA gives the Attorney General discretion in assessing risk).

Similarly, Petitioner has no protected liberty interest in the location in which he serves his sentence. The BOP alone "shall designate the place of the prisoner's imprisonment," and "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." 18

U.S.C. § 3621(b). A prisoner has no liberty interest in being transferred to home confinement because there is no constitutionally protected interest in the place of confinement. *See, e.g., Williams v. Flournoy*, 732 F. App'x 810, 812 (11th Cir. 2018) (discussing *Meachum v. Fano*, 427 U.S. 215 (1976); *McKune v. Lile*, 536 U.S. 24 (2002)); *Barnawal v. Stone*, No. 3:14-cv-98, 2015 WL 171410, at *3 (S.D. Ga. Jan. 13, 2015) (Bowen, J.) (citations omitted) ("Nor do they possess a liberty interest in rehabilitative programs, such as home confinement."). Likewise, there is "no clearly established constitutional right to a placement in a halfway house, transitional center, or any particular place of confinement." *Clemmons*, 2021 WL 4787201, at *4.

Because the relevant statute places no limitations on official discretion in granting early release, no protected liberty interest in implicated. Therefore, the Petitioner's claim in this regard should be dismissed or denied.

## V. The Court Lacks Jurisdiction Under the Administrative Procedures Act to Review Petitioner's Claims.

In his Petition, Petitioner requests the court to review the individualized administrative decision of when Petitioner was eligible to begin earning FSA credits. *See generally* [Doc. 1]. This decision is not reviewable by the Court under habeas corpus. Specifically, the Court is deprived of habeas corpus jurisdiction as a result of the Administrative Procedures Act ("APA").

Under the APA, petitioners may use habeas corpus to challenge BOP actions. *See* 5 U.S.C. § 703. However, pursuant to 18 U.S.C. § 3625, Congress indicated the sections of the APA that govern judicial review, §§ 701–06, were inapplicable to "the making of any determination, decision, or order under" any provision of 18 U.S.C. §§

12

3621 through 3626. The Eleventh Circuit Court of Appeals has also stated this applies even in a § 2241 habeas actions, unless the challenge relates to the rules and regulations which establish the criteria governing the BOP's decision-making process. *Cook*, 208 F.3d at 1319; *see also Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) ("To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge BOP's discretionary determinations made pursuant to [Title 18, Chapter 229, Subchapter C] would be inconsistent with the language of 18 U.S.C. § 3625."); *Martin v. Gerlinski*, 133 F.3d 1076, 1079 (8th Cir. 1998) ("[I]t is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rulemaking decisions."). Accordingly, where Congress has precluded judicial review of an agency decision by statute, judicial review of that determination can only relate to whether the agency acted beyond its statutory limits or violated the Constitution. *Rodriguez v. Johns*, No. 5:17-cv-134, 2018 WL 4102854, at *2–3 (S.D. Ga. July 26, 2018) (Baker, J.), *report and recommendation adopted*, 2018 WL 4100695 (S.D. Ga. Aug. 28, 2018).

The BOP's determination regarding the Petitioner's eligibility for FSA time credits falls under § 3625 and therefore should not be subjected to judicial review by the Court. Pursuant to 18 U.S.C. § 3621(h)(4), the BOP has discretionary authority to award inmates the incentives and rewards contemplated by the First Step Act, such as the time credits Petitioner seeks in the instant case. Specifically, § 3621(h)(4) provides:

> **Preliminary expansion of evidence-based recidivism reduction programs and authority to use incentives.**
> Beginning on the date of enactment of this subsection, the Bureau of

13

Prisons may begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and may offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D.

18 U.S.C. § 3621(h)(4) (emphasis added).

This section of the statute directly incorporates by reference Subchapter D. Subchapter D includes the specific time credits provision Petitioner references when arguing in support of his eligibility for time credits. *See* 18 U.S.C. § 3632(d)(4)(A). The decision to award or redeem Petitioner's time-credits is therefore not reviewable by the Court because the APA precludes judicial review of this section under Subchapter D.  Accordingly, Petitioner's claim should be dismissed.

## VI.   The Court Has No Authority to Determine Petitioner's Place of Confinement.

Ultimately, the Court has no authority to determine Petitioner's place of confinement, whether it be a traditional correctional facility, home confinement, or an RRC. Petitioner has earned a maximum of 365 days of FSA credits toward early release from custody and 60 days of credits toward early release to hallway house or home confinement.  *See* Young Decl., ¶ 3, Attachment 2.

While Petitioner argues he is entitled to an earlier transfer to RRC or home confinement due to surplus FSA time credits accumulated, the FSA specifically denies this practice by capping the amount of FSA time credits at 365 days. Additionally, the FSA did not alter the BOP's longstanding authority to determine the placement of prisoners. Title 18 of United States Code Section 3624(c)(4) states that "[n]othing in this subsection shall be construed to limit or restrict the authority

14

of the Director of the Bureau of Prisons under section 3621," which in turn provides that the BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. §§ 3624(c)(4), 3621(b); *see also, e.g.*, *Calloway v. Neely*, No. 7:23-cv-84, 2024 WL 1515054, at *7 (N.D. Ala. Mar. 12, 2024) (noting that "individual discretionary BOP facility designation decisions under § 3621(b) are not subject to judicial review"), *report and recommendation adopted,* 2024 WL 1514702 (N.D. Ala. Apr. 8, 2024); *United States v. Kluge*, Crim. No. 17-61, 2020 WL 209287, at *3 (D. Minn. Jan. 14, 2020) ("Nothing in the statutes amended by the FSA permits the Court to place Defendant in home confinement. Under the FSA, the authority to place a prisoner remains with the BOP."); *See* 18 U.S.C. § 3624(c)(2); *see e.g.*, *Kluge*, 2020 WL 209287, at *3. "The FSA of 2018 does not mandate that the BOP place prisoners on home confinement when they meet the age and other attendant requirements for such placement; instead, the Act provides the BOP sole discretion to do so." *Jones v. Woods*, No. 2:19-CV-61-WHA, 2019 WL 2754731, at *4 (M.D. Ala. June 4, 2019), *report and recommendation adopted,* 2019 WL 2754488 (M.D. Ala. July 1, 2019). Thus, the Petitioner is not entitled to placement on home confinement because that determination is expressly insulated from judicial review. *See Reeb*, 636 F.3d at 1227.

Home confinement and RRC placement are merely different locations of confinement, the authority of which resides completely with the BOP. Any surplus FSA credits beyond 365 days that may be utilized for RRC placement are not the proper subject of habeas corpus relief. Accordingly, the Court has no authority to

order or determine that the BOP should transfer Petitioner to any particular BOP facility, including to RRC or home confinement.

## CONCLUSION

For the foregoing reasons, the Petition should be dismissed.

Dated: December 16, 2025

Respectfully submitted,

MARGARET E. HEAP
UNITED STATES ATTORNEY

*/s/ Jason W. Blanchard*
Jason W. Blanchard
Assistant United States Attorney
Georgia Bar No. 105620
P.O. Box 2017
Augusta, GA 30903
(706) 724-0517 (main)
Jason.Blanchard@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 16, 2025, I have caused to be sent by United

States mail the documents to the following non-CM/ECF participants:

> Wayne Clark #09688-035
> FCI Jesup
> Jesup Correctional Institution
> 2680 301 South
> Jesup, GA 31599

> */s/ Jason W. Blanchard*
> Jason W. Blanchard
> Assistant United States Attorney